# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JPAY LLC | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-1875-S |
| | § | |
| SHALANDA HOUSTON | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Shalanda Houston's Motion to Dismiss or in the Alternative Transfer ("Motion") [ECF No. 21]. The Court has reviewed the Motion, Plaintiff JPay LLC's Response to the Motion ("Response") [ECF No. 36], Defendant's Reply in Support of the Motion ("Reply") [ECF No. 40], and the applicable law. For the following reasons, the Court **GRANTS** the Motion to the extent that the Court transfers this case to the United States District Court for the Southern District of Florida.

### I. BACKGROUND

This case arises out of an arbitration that has been ongoing in Florida for almost nine years. Pl.'s Original Compl. For Declaratory & Injunctive Relief ("Complaint") [ECF No. 1] ¶ 6; Mot. 1. In 2014, Defendant began using Plaintiff's electronic money transfer services to send money to a relative in Louisiana. Compl. ¶ 5; Mot. 1. To use the services, Defendant accepted Plaintiff's terms of service, which Plaintiff revised from time to time. *See* Compl. ¶¶ 7, 13, 15, 31. On October 16, 2015, Defendant initiated arbitration pursuant to the terms of service in effect at that time. *Id.* ¶¶ 6-7. Defendant sought to represent a putative class of users of Plaintiff's services. *Id.* ¶ 7. The parties have since engaged in extensive arbitration and litigation in Florida regarding, among other things, whether arbitration can proceed on a classwide basis. *See, e.g., id.* ¶¶ 8, 10-12.

As the parties' dispute continued in arbitration and in court, Plaintiff updated its terms of service eleven times between December 16, 2015, and August 17, 2021 ("Earlier Agreements").[1] *Id.* ¶ 17. The Earlier Agreements each contained a class waiver requiring disputes to be arbitrated on an individual basis and an exclusive court jurisdiction clause requiring challenges to the class waiver to be brought in federal or state court in Florida. *Id.* ¶¶ 18-20. On August 18, 2021, and twice more since then, Plaintiff again revised its terms of service ("Later Agreements"). *Id.* ¶¶ 23-24. The Later Agreements contain a class waiver and require challenges to that waiver to be brought in federal or state court in Texas. *Id.* ¶¶ 24, 26.

On January 6, 2023, Defendant asked the arbitrators to invalidate the class waivers in the Earlier and Later Agreements. *Id.* ¶ 36. Plaintiff then filed suit in this Court, asking the Court to declare that the arbitrators are not authorized to adjudicate the class waiver in the Later Agreements and to enjoin Defendant from challenging the Later Agreements' class waiver in arbitration. *Id.* ¶¶ 39-40. Defendant later informed the arbitrators that she would no longer seek discovery or class certification for August 18, 2021, to the present—the time period covered by the Later Agreements. *Id.* ¶ 44. The arbitrators subsequently asked Plaintiff to brief the enforceability of the class waiver in the Earlier Agreements. *Id.* ¶ 45. Instead, Plaintiff filed this case, asking the Court to "[d]eclare that the Arbitrators do not have the power to determine the enforceability of the Earlier Agreements' Class Waiver" and to "[e]njoin [Defendant] from challenging the Earlier Agreements' Class Waiver in Arbitration." *Id.* ¶ 66(a)-(d). The parties then stipulated to the dismissal of the prior lawsuit in this Court on the ground that it was moot. Mot. 8.

---

[1] Although the Complaint states that the time period covered by the Earlier Agreements ends on August 18, 2021, Compl. ¶ 17, Plaintiff later clarifies that the first of the Later Agreements went into effect on that date, *id.* ¶ 24.

2

Defendant moves to dismiss the instant lawsuit, arguing that the Court lacks personal jurisdiction, venue is improper, Plaintiff has waived its right to challenge the Earlier Agreements in court, res judicata bars Plaintiff's claims, and the Earlier Agreements are illusory. Mot. 3-4. In the alternative, Defendant asks the Court to transfer the case to the Southern District of Florida. *Id.* at 4-5. For the reasons set forth below, the Court determines that it does not have personal jurisdiction over Defendant and that venue is improper in this district. Therefore, the case must be transferred, and the Court does not reach Defendant's remaining arguments in support of dismissal.

## II. LEGAL STANDARDS

### *A. Personal Jurisdiction*

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss claims for lack of personal jurisdiction. The plaintiff bears the burden of making a prima facie showing that a court has personal jurisdiction over a defendant. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014) (citation omitted). In considering a motion to dismiss pursuant to Rule 12(b)(2), the court must accept the plaintiff's "uncontroverted allegations, and resolve in its favor all conflicts." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (citation omitted).

### *B. Venue*

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss based on improper venue. On such a motion, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (citation omitted). If venue is improper, 28 U.S.C. § 1406(a) instructs the court to "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." The decision to dismiss or transfer is

3

discretionary. *Graham v. Dyncorp Int'l, Inc.*, 973 F. Supp. 2d 698, 701 (S.D. Tex. 2013) (citation omitted).

### III. ANALYSIS

Defendant asks the Court to dismiss or transfer this case for lack of personal jurisdiction and/or for improper venue. Mot. 3-5. Defendant's arguments are based on the Earlier Agreements, which contain a Florida forum-selection clause. *Id.*; *see also* Reply 1-4. Plaintiff responds that the Court has personal jurisdiction over Defendant and that venue is proper because the Later Agreements contain a Texas forum-selection clause that applies retroactively. Resp. 7-8. Because the parties disagree on the applicable forum-selection clause, the Court resolves this dispute first before turning to the request to dismiss or transfer based on personal jurisdiction and venue.

#### *A. Relevant Forum-Selection Clause*

The parties do not dispute that the Later Agreements were not in effect during the class period, which ends on August 17, 2021. *See, e.g.*, Compl. ¶ 44; Resp. 2 n.2, 4-5. Defendant's putative class action arbitration, then, concerns conduct that predates the Later Agreements. But Plaintiff contends that "the Later Agreements' arbitration clause (in which the Texas forum selection clause is embedded) applies retroactively." Resp. 8. Thus, Plaintiff claims that Defendant is bound by the Texas forum-selection clause in the Later Agreements. *Id.*

Texas law applies to the interpretation of the forum-selection clause in the Later Agreements. *See* Compl., Ex. 1 [ECF No. 1-1] ¶ 15 ("This Agreement . . . shall be governed by and construed in accordance with the laws of the State of Texas[.]"); *Van Rooyen v. Greystone Home Builders, LLC*, 295 F. Supp. 3d 735, 746 (N.D. Tex. 2018) (stating that state law governs the interpretation of forum-selection clauses (citation omitted)). Under Texas law, a court's "prime

4

directive" in interpreting a contract "is to ascertain the parties' intent as expressed in the instrument." *URI, Inc. v. Kleberg County*, 543 S.W.3d 755, 757 (Tex. 2018).[2]

Because there is a dearth of precedent analyzing the retroactive application of forum-selection clauses, courts look to cases involving arbitration clauses for guidance. *See TradeComet.com LLC v. Google, Inc.*, 435 F. App'x 31, 34 (2d Cir. 2011) (citation omitted). "Courts construing arbitration clauses have refused to subject claims to arbitration where the claims arise from or relate to conduct occurring prior to the effective date of the agreement, *and* where the clause is limited to claims under '*this* Agreement.'" *Id.* (citations omitted); *see also Carter v. Doll House II, Inc.*, 608 F. App'x 903, 903-04 (11th Cir. 2015) (determining that an arbitration agreement was not retroactive where it referred "only" to "any dispute regarding this contract/agreement").

Here, one paragraph of the Later Agreements is titled "DISPUTE RESOLUTION ('Arbitration Agreement')." Compl., Ex. 1 ¶ 16.[3] This paragraph contains several subparagraphs. One is the class waiver, which states, in relevant part: "ALL DISPUTES, PAST, PRESENT, AND FUTURE, AND REGARDLESS OF THE DATE OF ACCRUAL OF SUCH DISPUTE, SHALL BE ARBITRATED ON AN INDIVIDUAL BASIS." *Id.* The forum-selection clause, located in the next subparagraph, reads:

> [T]he scope, validity, effect, and enforceability of this agreement's waiver of (i) class action lawsuits, (ii) representative or class-wide arbitration, (iii) private attorney general claims, or (iv) requests for public injunctive relief, are to be determined solely and exclusively by the Federal District Court located in the

---

[2] Even if Florida law applied, the outcome would be the same, as Florida courts also focus on the parties' intent when interpreting contracts. *See Hirsch v. Jupiter Golf Club LLC*, 232 F. Supp. 3d 1243, 1251 (S.D. Fla. 2017) (citations omitted).

[3] Although the Later Agreements were updated from time to time, the relevant class waiver and forum-selection language is substantially the same. *See* Compl. ¶ 24. The same is true of the different versions of the Earlier Agreements. *See id.* ¶¶ 19-20. As such, the Court cites only one representative example of each.

> Northern District of Texas or a Texas state court in Denton County or Collin County . . . .

*Id.* According to Plaintiff, the retroactive language contained in the class waiver renders the entire "arbitration clause," including the forum-selection clause, retroactive. Resp. 8.

Plaintiff's argument "ignores the structure of the" distinct provisions in the arbitration paragraph. *Warwick v. Schneider Nat'l, Inc.*, No. 20-C-1995, 2020 WL 5891407, at *3 (N.D. Ill. Oct. 5, 2020). Contrary to Plaintiff's argument, the forum-selection clause is not "embedded" in the clause containing the retroactive language. Resp. 8. Instead, the class waiver, which includes retroactive language, appears in one subparagraph, and the forum-selection clause appears in a separate subparagraph. The retroactive language—"all disputes, past, present, and future"—applies only to the requirement that disputes be arbitrated on an individual basis. Compl., Ex. 1 ¶ 16. By contrast, the forum-selection clause expressly limits its coverage to "***this agreement's*** [class] waiver." *Id.* (emphasis added). As such, the contractual language reveals that the parties' intent was for the Later Agreements' forum-selection clause to apply only to disputes about the Later Agreements' class waiver. As Plaintiff itself states, this case is limited to the question of whether the arbitrators may "determine the scope, validity, effect, and/or enforceability of the ***Earlier Agreements'*** Class Waiver," not the waiver contained in the Later Agreements. Compl. ¶ 55 (emphasis added); *see also id.* ¶ 61 (same). Because Plaintiff's "claims arise from or relate to conduct occurring prior to the effective date of the" Later Agreements and because the forum-selection clause is limited to claims related to "this agreement's [class] waiver," the Court concludes that the Later Agreements' Texas forum-selection clause does not apply to this case.[4] *TradeComet.com*, 435 F. App'x at 34 (citation omitted); Compl., Ex. 1 ¶ 16.

---

[4] Plaintiff also contends that "Defendant herself admitted [the Later Agreements'] retroactive effect." Resp. 8. Even if Defendant had made such an admission in a prior lawsuit, it does not override the clear intent of the parties as expressed in the language of the Later Agreements.

6

The Earlier Agreements, by contrast, were in effect during the class period. *See* Resp. 2 n.2. Florida law applies to the interpretation of the forum-selection clause in the Earlier Agreements. *See* Compl., Ex. 14 ¶ 14 ("This Agreement . . . shall be governed by and construed in accordance with the laws of the State of Florida[.]"). Similar to Texas law, under Florida law "[i]t is well-established that the parties' intent governs contract construction and interpretation," and courts "strive to give effect to the intent of the parties." *Hirsch*, 232 F. Supp. 3d at 1251 (citations omitted).

One paragraph of the Earlier Agreements is titled "DISPUTE RESOLUTION." Compl., Ex. 14 [ECF No. 1-14] ¶ 15. This paragraph contains several subparagraphs. One subparagraph contains a class waiver requiring that all disputes be arbitrated on an individual basis. *See id.* ¶ 15(f). The forum-selection clause, contained in the following subparagraph, provides: "The scope, validity, effect, and enforceability of the foregoing waiver of class action lawsuit and representative or class-wide arbitration are to be determined solely and exclusively by the federal district court located in the Southern District of Florida or Florida state court . . . ." *Id.* ¶ 15(g) (emphasis omitted). And "the foregoing waiver," i.e., the class waiver in the Earlier Agreements, is precisely the subject on which Plaintiff asks the Court to rule. *See* Compl. ¶ 58 ("[Plaintiff], therefore, is entitled to a declaration that the Arbitrators are without power to determine the scope, validity, effect, and/or enforceability of the Earlier Agreements' Class Waiver[.]"); *see also id.* ¶ 64 (same). Therefore, the contractual language reveals that the parties intended the Florida forum-selection clause from the Earlier Agreements to govern this case.

### *B. Personal Jurisdiction*

Plaintiff does not contend that personal jurisdiction exists under a traditional minimum contacts analysis; instead, Plaintiff relies on the Later Agreements' forum-selection clause to

7

establish personal jurisdiction. Resp. 7. Although parties may consent to personal jurisdiction through a forum-selection clause, *see Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995), the Court has determined that the Later Agreements' Texas forum-selection clause does not apply here. And Plaintiff, the party with the burden to show personal jurisdiction, has not pointed to any other relevant contacts between Defendant and Texas. Therefore, the Court does not have personal jurisdiction over Defendant.

In the absence of personal jurisdiction, the Court is faced with the choice to dismiss or transfer this case. *See TransFirst Grp., Inc. v. Magliarditi*, 237 F. Supp. 3d 444, 456 (N.D. Tex. 2017) ("Once a district court determines it lacks personal jurisdiction over a defendant, it has the option of dismissing the action or transferring it to any district in which it could have been brought." (citing 28 U.S.C. § 1631)). "The decision to transfer is discretionary, and often made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Springboards to Educ., Inc. v. Hamilton Cnty. Read 20*, No. 3:16-CV-2509-B, 2017 WL 3023489, at *6 (N.D. Tex. July 14, 2017) (citation and internal quotation marks omitted). For the reasons set forth below, the Court exercises its discretion to transfer, rather than dismiss, this case.

### *C. Venue*

"[T]he proper mechanism for enforcing" a forum-selection clause pointing to a federal district court "is a motion for transfer of venue under 28 U.S.C. § 1404(a)." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 766 (5th Cir. 2016) (citation omitted). 28 U.S.C. § 1404(a) allows a court to transfer venue to any district where the suit might have been brought. In cases where there is no forum-selection clause, courts analyze both private- and public-interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citation omitted). But where there is a valid

8

forum-selection clause, that clause "[should be] given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (alteration in original) (citation omitted). A forum-selection clause changes the venue analysis in three ways: (1) the plaintiff's choice of forum merits no weight; (2) the reviewing court disregards arguments about the parties' private interests and "must deem the private-interest factors to weigh entirely in favor of the preselected forum"; and (3) any transfer of venue does not carry with it the original venue's choice-of-law rules. *Id.* at 63-64 (citations omitted).

"[B]efore a court moves away from traditional Section 1404(a) analysis, several threshold determinations must be made." *Wilprit v. Cap. One Bank USA, N.A.*, No. 3:22-CV-00452-K, 2023 WL 8869366, at *3 (N.D. Tex. Nov. 30, 2023), *report and recommendation adopted by* 2024 WL 1048137 (N.D. Tex. Mar. 11, 2024). First, the Court must ask if the forum-selection clause is part of a valid contract. *Scrum All., Inc. v. Scrum, Inc.*, No. 4:20-CV-227, 2021 WL 798310, at *2 (E.D. Tex. Feb. 26, 2021) (citation omitted). Second, the Court must determine whether the dispute falls within the scope of that contract. *Id.* (citation omitted). Third, the Court considers whether the forum-selection clause is mandatory or permissive. *Id.* (citation omitted); *PCL Civ. Constructors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070, 1073 (5th Cir. 2020). If the clause clears these hurdles, the Court considers its enforceability before proceeding to the modified venue-transfer analysis. *Wilprit*, 2023 WL 8869366, at *3; *PCL Civil Constructors*, 979 F.3d at 1074.

Plaintiff does not dispute that the Earlier Agreements are valid. And as the Court stated above, this case falls within the scope of the Earlier Agreements. Further, the Earlier Agreements' forum-selection clause is mandatory. The clause provides that litigation must occur "solely and exclusively" in the Southern District of Florida or Florida state court, Compl., Ex. 14 ¶ 15(g) (emphasis omitted), "which categorically excludes all other potential venues," *Nicaud Holding,*

9

*LLC v. GCI Consultants, LLC*, No. 1:23-CV-240-LG-RPM, 2024 WL 1335082, at *3 (S.D. Miss. Mar. 28, 2024) (citation omitted). Finally, beyond challenging whether the Earlier Agreements' forum-selection clause applies here, Plaintiff—the party bearing the "heavy burden of proof" on this issue—does not argue that it is not enforceable. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) (citation omitted). The clause at issue is enforceable.

Because there is a valid, mandatory, and enforceable forum-selection clause governing this dispute, the Court next conducts the modified transfer of venue analysis. The Court disregards the private-interest factors and weighs only the public-interest factors, which are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws. *In re Volkswagen AG*, 371 F.3d at 203 (citation omitted).

As to administrative difficulties, Defendant argues that the Southern District of Florida has significantly fewer cases per judge than the Northern District of Texas. Mot. 21. Plaintiff counters that the median amount of time for resolution of cases is nearly identical in the two districts. Resp. 21. This factor is neutral. With respect to local interest, this factor encompasses the parties' connections to each forum and "the significant connections between a particular venue and the events that gave rise to a suit." *Def. Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022) (quoting *In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed Cir. 2020)). "Important considerations include the location of the injury, witnesses, and the Plaintiff's residence." *Id.* (citation omitted). Plaintiff is a citizen of Delaware and Texas. Compl. ¶ 1. But Plaintiff's principal place of business is in Miramar, Florida. *Id.*; *see also BNSF Ry. Co. v. OOCL (USA), Inc.*, 667 F. Supp. 2d 703, 712 (N.D. Tex. 2009) (finding that a forum had a local interest in the case where the plaintiff had its principal

10

place of business in the district (citation omitted)). Defendant, a citizen of Georgia, presumably was injured in Georgia. Compl. ¶ 2. Defendant contends that all but one of the fact witnesses put forth in the arbitration were from Florida. Mot. 21. Plaintiff counters that the location of witnesses is irrelevant, as no discovery is needed in this case. Resp. 20-21. This factor is neutral. The third and fourth factors are also neutral. The law at issue is not "exceptionally arcane," *Atl. Marine*, 571 U.S. at 68, and neither party has identified any relevant conflict of laws problems.

At best, the public-interest factors in this case are all neutral. Thus, Plaintiff has not demonstrated that "this is one of the rare cases in which the public-interest . . . factors favor keeping a case despite the existence of a valid and enforceable [forum-selection clause]." *Weber*, 811 F.3d at 776; *see also Atl. Marine*, 571 U.S. at 63 ("[A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases." (cleaned up)). Because the public-interest factors are neutral and the private-interest factors "weigh entirely in favor of the preselected forum," *Atl. Marine*, 571 U.S. at 64, Plaintiff has not met its heavy burden. This case must be transferred to the Southern District of Florida.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss or in the Alternative Transfer [ECF No. 21] only to the extent that the Court **GRANTS** Defendant's alternative request to transfer this case. *See* Mot. 1. It is **ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Southern District of Florida. Because the Court exercises its discretion to transfer the case, the Court does not reach the remaining arguments in the Motion.

**SO ORDERED.**

SIGNED August 5, 2024.

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**